IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNIL L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00297-NJR |
| | ) |
| JOHN LAKIN, | ) |
| GARY BOST, | ) |
| MARK SPURDON, | ) |
| ROBERT BLANKENSHIP, | ) |
| SGT. DOVER, | ) |
| M. RYAN, | ) |
| TIM WALKER, and | ) |
| SGT. COLLMAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Lennil Johnson, a pre-trial detainee incarcerated at the Madison County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Johnson claims that Defendants, who are all employees or contractors of the Madison County Jail, failed to provide him with proper medical care, retaliated against him for seeking medical care, and failed to provide him with access to courts, all in violation of his constitutional rights. He seeks monetary damages and injunctive relief, and he has also filed a motion seeking emergency injunctive relief.

This matter is now before the Court for a preliminary review of Johnson's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the court "shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## The Complaint

Johnson alleges that he was placed in the Madison County Jail on January 31, 2015, and that he remains there today. (Doc. 3 at 8.) On his first day of incarceration, Johnson claims he informed Deputy Matt Miller that he had sustained "serious medical injuries in relation to multiple dog bites and open flesh wounds." (*Id*.) Miller reported these injuries to medical staff at the jail, but instead of placing Johnson in an infirmary for observation, Johnson alleges that he was immediately placed in the jail's housing unit. (*Id*. at 8-9.) Two days later, on February 2, 2015, Johnson was seen by Dr. Blankenship in the jail's infirmary. (*Id.* at 9.) Dr. Blankenship reviewed Johnson's emergency room records and provided him with lower dosages of the pain and antibiotic medications recommended by the emergency room physicians. (*Id*. at 9-10.)

From February 2 through February 6, 2015, Johnson claims that several different officers at the jail dispensed medication to him and that this conduct itself was deliberately indifferent, as health care workers – instead of non-medical jail officers – should be handing out medication. (*Id*. at 12-14.) He also claims that, during this time period, Dr. Blankenship, Dover, Ryan, Collman, and Walker provided him with a "psychotropic, mood altering medication," and did not provide pain relievers or antibiotics or otherwise treat the injuries related to his wounds. (*Id*.) On February 6, 2015, Johnson complained to Lakin, Bost, and Dr. Blankenship in writing and verbally concerning his lack of antibiotics, but he was not provided with those medications. (*Id.* at 14.) That same day, Johnson claims that he was "terminated" from receiving "medications initially prescribed by" Dr. Blankenship. (*Id*. at 15.) That termination continues today. (*Id.*)

On March 12, 2015, Johnson claims that Spurdon attempted to hand out medications to the individuals in Johnson's cell area. (*Id.* at 16.) Johnson alleges that Spurdon refused to provide him with a multivitamin that Johnson requested, and otherwise refused to provide him with his prescription medication. (*See id.*) On the same day, Johnson and Spurdon had a verbal altercation, and Spurdon allegedly slammed the housing unit door in Johnson's face. (*Id.*) Johnson claims that Spurdon engaged in this behavior to retaliate against him for attempting to obtain his prescription medications. (*Id.*) Johnson does not allege that he was injured during this altercation, but claims he is fearful of Spurdon due to Spurdon's conduct. (*Id*. at 17.)

Johnson also alleges that, from January 31 to the day of his complaint, he was denied access to state and federal courts, and was otherwise deprived of "legal materials, [a] law library, law books, supplies, ink pens, paper, [a] notary public, update[d] legal books, legal envelopes, legal photocopies," and legal postage stamps. (*Id.*) He claims that Lakin and Bost also have failed to provide access to courts and failed to provide access to a grievance procedure to detainees. (*Id*. at 18-20.) Johnson seeks damages and declaratory relief in his complaint; he also filed a separate motion for emergency injunctive relief on March 18, 2015, and an amended motion for emergency injunctive relief on March 23, 2015. (*Id*. at 23-25; Doc. 1; Doc. 6.)

## Discussion

The Court begins with an administrative matter related to Johnson's initial motion for emergency injunctive relief. (Doc. 1.) Johnson filed his complaint and the separate motion on the same day, but sent them in different envelopes. The complaint names Johnson as the sole plaintiff and was signed by him alone. The motion similarly names Johnson as the sole plaintiff in the caption and provides specifics only on Johnson's events at the jail, which echo the allegations in his complaint. However, the motion was signed by Johnson and twelve others.

The captions on the two filings are identical, so it is unclear as to whether the motion is truly brought jointly by multiple plaintiffs. But to the extent the group of signatories intended to bring the motion together, merely signing the accompanying filing is an insufficient method of bringing a multi-plaintiff action for at least two reasons. For one, it violates Rule 10, as the extra prisoners are not named as parties in the caption. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (for an individual to be properly considered a party under Rule 10 he must be "specif[ied] in the caption"). In addition, it violates Rule 8, as there was no multi-plaintiff complaint paired with the motion, let alone any developed factual allegations concerning the other twelve prisoners' circumstances at the jail, such that a defendant could respond to the allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.10 (2007) (holding that conclusory, undeveloped allegations in a complaint are insufficient, as a defendant "seeking to respond . . . would have little idea where to begin"). Given the similarity between the motion and the complaint, the Court will construe the motion as being raised in the context of Johnson's complaint and by Johnson alone. No other plaintiffs will be considered parties to the case.[1]

---

[1] Out of an abundance of caution, the Court will have this Order mailed to all signatories to the motion for emergency relief, along with a civil complaint form and instructions on how to bring an action *in forma pauperis*. Those signatories can bring their own separate claims or, to the extent the other signatories wish to join in this action, all parties would need to file an amended complaint. The other signatories are warned that engaging in multi-plaintiff litigation comes with significant risks. First, each prisoner who chooses to file in a joint action is required to pay a filing fee. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In addition, prisoners engaging in group litigation assume the risk of sanctions for conduct by any plaintiff, whether or not the conduct concerns the prisoner personally. *Id.* at 854-55. This is an especially significant risk here, where the other signatories might join Johnson, who has already been fined for sanctionable conduct once in this Court. (Case No. 3:13-cv-00298, Doc. 52.) Finally, if the Court finds that the joint complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. *Id.* If severance occurs, each plaintiff will be liable for yet another full filing fee for each new, severed case. The signatories can reduce the risk of many of these issues by filing on their own individually, yet it is still their right to file a multi-plaintiff action if they wish, subject to the demands of Rule 20. *Id.* at 852.

Left with Johnson, the Court finds it convenient to divide the *pro se* complaint into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**COUNT 1:** Fourteenth Amendment claim against Lakin, Bost, Spurdon, Blankenship, Dover, Ryan, Walker, and Collman for deliberate indifference to Johnson's serious medical needs during his pre-trial confinement.

**COUNT 2:** First Amendment claim against Spurdon for retaliation.

**COUNT 3:** Fourteenth Amendment claim against Bost and Lakin for denying Johnson access to courts, to legal resources, and to a grievance procedure.

Almost all of these claims must be dismissed at the gate without prejudice, as Johnson is a frequent filer in this district – he has run up more than three strikes under the Prison Litigation Reform Act. *See Johnson v. Dauber*, No. 14-cv-84, 2014 WL 812045, at *4 (S.D. Ill. Mar. 3, 2014) (recounting Johnson's strikes). Because Johnson has more than three strikes, he cannot avail himself of pauper status and proceed with his case by paying the filing fee in installments, unless a claim alleges an "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, a prisoner must allege a serious physical injury that is imminent or occurring at the time the complaint is filed, and he must show that the threat or prison condition causing the injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In considering whether Johnson's claims meet the imminent danger requirement, a court must construe a *pro se* complaint liberally. *Id.* A court also must avoid adopting a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury." *Id.* That said, the "serious physical injury" exception for frequent filers who have run up all of their strikes is designed to serve as an "escape hatch for genuine emergencies" only. *See Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Applying this framework here, portions of Johnson's deliberate indifference claim allege the existence of an imminent physical danger. Construed broadly, portions of Count 1 amount to a claim that the prison forced Johnson to take "mood altering" medications instead of antibiotic and pain medications to treat his dog bite and flesh wounds, and that his eventual refusal to take those substituted medications has led the prison to discontinue his antibiotics and pain medications altogether. To that extent, Count 1 alleges the existence of an imminent danger, so Johnson will be allowed to proceed without paying the full fee, and his motion to proceed *in forma pauperis* shall be granted. *See Ciarpaglini*, 352 F.3d at 331 (failure to provide medication to treat serious injury could qualify as imminent danger). Johnson's other claims, however, do not pose a risk of serious physical injury. The retaliation claim was verbal and too attenuated to represent a risk of physical injury, and the access to courts claim does not represent a threat of physical injury at all, let alone a serious one. Accordingly, these claims are dismissed without prejudice. Johnson may refile these claims if he wishes to pay the full fee.

Concerning the surviving Count 1, the Court also must determine whether this claim survives preliminary review under § 1915A. To put forth a viable deliberate indifference claim, Johnson must show that "the harm to the plaintiff was objectively serious" and that "the official was deliberately indifferent to [the prisoner's] health or safety." *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). Concerning the state of mind requirement, § 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). To the extent Johnson alleges that Lakin, Bost, Spurdon, Blankenship, Dover, Ryan, Walker, and Collman have failed to provide

antibiotics and pain relievers to treat his dog bites and flesh wounds, Count 1 satisfies preliminary screening review on these points, and this claim will be permitted to proceed.

One closing note concerning Johnson's requests for relief.  Over and above monetary damages, Johnson requests emergency relief in both his complaint and in separate motions.  His requests for emergency relief are filled with legalese and are borderline unintelligible, but construed broadly, some of his requests appear to ask for emergency access to antibiotics and pain medications for his wounds.  The Court's preliminary review dictates that the requests for injunctive relief as to these medication matters deserve prompt consideration.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's request for emergency relief will be referred to United States Magistrate Judge Donald G. Wilkerson, who shall resolve the request for emergency relief as soon as practicable and issue a report and recommendation.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **Count 2** and **Count 3** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **Count 1** shall **PROCEED** against **LAKIN**, **BOST**, **SPURDON**, **BLANKENSHIP**, **DOVER**, **RYAN**, **WALKER**, and **COLLMAN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** for purposes of the non-dismissed **Count 1** only.  A separate order shall issue directing the jail trust fund officer to deduct payment from Plaintiff's trust account.

The **CLERK** is hereby **DIRECTED** to send a copy of this Memorandum and Order to all signatories to the motion for emergency relief (Doc. 1), namely **DAVID HOFFMAN**, **MALIK CARTER**, **HYATA BOND**, **CHRIS WALLACE**, **DERRICK DOUGHERTY**, **GEORGE HOLLIDAY**, **NICK KASS**, **JEFF BAKER**, **KEITH WALKER**, **CHRIS**

**PIERCE**, **JAMES ABBOTT**, and **EVAN SMIDDY**, who at the time of filing were detainees at the Madison County Jail, 405 Randle Street, Edwardsville, IL, 62025. The **CLERK** is further **DIRECTED** to send each of these individuals a copy of a Civil Complaint Form and instructions for a person in custody, including instructions concerning the filing of a case *in forma pauperis*.

  **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **LAKIN**, **BOST**, **SPURDON**, **BLANKENSHIP**, **DOVER**, **RYAN**, **WALKER**, and **COLLMAN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of the motion for injunctive relief, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

  **IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

  **IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon counsel once entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date

on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion for Recruitment of Counsel (Doc. 5) is **REFERRED** to Magistrate Judge Donald G. Wilkerson for consideration.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's pending requests for emergency relief (Doc. 1, 3 & 6) are hereby **REFERRED** to United States Magistrate Judge Donald G. Wilkerson, who shall resolve the request for injunctive relief as soon as practicable, and issue a report and recommendation. The period for filing any objections to Magistrate Judge Wilkerson's report and recommendation shall not exceed **14 days** from the date of the report. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Magistrate Judge Wilkerson.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under 28 U.S.C. § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis*

has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 23, 2015**

                                                **s/ NANCY J. ROSENSTENGEL**
                                                **NANCY J. ROSENSTENGEL**
                                                **United States District Judge**