IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LENNIL L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-297-NJR-DGW |
| | ) | |
| JOHN LAKIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel (Doc. 5), Motion to Copy (Doc. 18), Motion for Service of Process at Government's Expense (Doc. 20), Motion for Leave to Proceed *In Forma Pauperis* (Doc. 21), Supplemental Motion to Appoint Counsel (Doc. 41), Request for Admissions (Doc. 42), Response to Defendant's Response to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 45) and Memorandum in Support (Doc. 46), Motion for Entry of Default (Doc. 49), and Motion for Default Judgment (Doc. 51), all filed by Plaintiff, Lennil Johnson.

The Court has reviewed Plaintiff's motions and other filings, and any responses filed thereto, and finds as follows:

1. **Motion for Recruitment of Counsel filed on March 23, 2015 (Doc. 5) and the Supplemental Motion to Appoint Counsel filed on April 8, 2015 (Doc. 41)**

Plaintiff asks the Court to recruit him counsel in this matter as he has been unable to secure counsel on his own, he has no access to a law library, and the issues in this case are complex and necessitate expert testimony.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this

matter.  *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).   However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so).  *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ."  *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").   In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record.  *Pruitt*, 503 F.3d at 655-656.  Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met his threshold burden by showing that he has made reasonable, albeit unsuccessful, attempts to recruit counsel.   However, the Court finds that Plaintiff is competent to litigate this matter at this time.  Despite the fact that Plaintiff represented he is unable to speak, write, and/or read English well in his motion seeking recruitment of counsel (*see* Doc. 5, p. 2), a review of the docket demonstrates that Plaintiff has the ability to read, write, and understand the English language.  Specifically, the Complaint, which appears to be written and attested to by Plaintiff himself, cogently sets out the facts giving rise to Plaintiff's claims, and demonstrates his ability to communicate effectively.  Moreover, Plaintiff's numerous other filings in this matter

indicate his ability to seek relief from the Court and advance the litigation of this case. Further, while Plaintiff's deliberate indifference claim is colorable, the Court finds that it is not overly complex and it is not apparent at this time that it will necessitate significant discovery. Although the Court is mindful of the necessary limitations incarceration places on a plaintiff, this circumstance is not unique to Plaintiff and does not, in and of itself, necessitate recruitment of counsel. For these reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 5) and Supplemental Motion to Appoint Counsel (Doc. 41) are **DENIED**. If Plaintiff experiences particular and significant difficulties conducting discovery as the case progresses, he may file a renewed motion to appoint counsel. The Court also leaves open the possibility of revisiting the issue on its own motion.

2. **Motion to Copy filed on March 27, 2015 (Doc. 18)**

Plaintiff seeks a "copy of writ mandamus" because the Madison County Jail does not allow ink pens or photocopies. Plaintiff seeks relief that is not within the purview of the Court to provide and, as such, Plaintiff's Motion to Copy is **DENIED**.

3. **Motion for Service of Process at Government's Expense filed on April 1, 2015 (Doc. 20)**

Plaintiff asks the Court to order that service of process be made on Defendants by a United States Marshall or Deputy Marshall or by a person specifically appointed by the Court. Plaintiff's Motion is **DENIED**. Defendants have all filed a waiver of service with the Court and their answers are due June 5, 2015 (*see* Docs. 32 through 39).

4. **Motion for Leave to Proceed *In Forma Pauperis* filed on April 1, 2015 (Doc. 21)**

Plaintiff asks that the Court grant him leave to proceed in this case without prepaying costs or fees. Plaintiff's Motion is **DENIED**. Plaintiff was granted leave to proceed *in forma*

*pauperis* by District Judge Nancy J. Rosenstengel on March 23, 2015 (Doc. 7). Plaintiff was assessed an initial partial filing fee of $14.00 on March 25, 2015, which, as of the date of this Order, appears to have not yet been paid.

**5. Plaintiff's Request for Admissions filed on April 9, 2015 (Doc. 42)**

Plaintiff has filed thirty-nine requests for admissions. The Court notes that Plaintiff served his requests on the Illinois Attorney General's Office in Springfield, Illinois. Defendants are not represented by the Illinois Attorney General's Office, so service of Plaintiff's requests on these Defendants was insufficient and improper. Moreover, Defendants' answers or other responsive pleadings are not due until June 5, 2015. As such, the Court has not yet entered a scheduling order directing discovery in this matter. Based on the present posture of this case, Plaintiff's requests for admissions are clearly premature. Accordingly, Plaintiff's Request for Admissions is hereby **STRIKEN**. Plaintiff is **ADVISED** that he may serve requests for admissions on Defendants once the Court has entered its Scheduling and Discovery Order in this matter and discovery may be conducted on the merits.

**6. Plaintiff's Response to Defendant's Response to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 45) and Memorandum in Support (Doc. 46) filed on April 15, 2015**

On March 18, 2015, Plaintiff filed a Motion for Immediate Injunctive Relief/Motion for Temporary Restraining Order ("TRO") seeking emergency injunctive relief (Doc. 1). On March 23, 2015, Plaintiff filed an Amended Motion for Immediate Injunctive Relief/Motion for TRO, along with a memorandum in support (Doc. 6). On April 1, 2015, the undersigned took Plaintiff's Amended Motion for Preliminary Injunctive Relief and TRO under advisement and directed Defendants to respond by April 17, 2015 (Doc. 19). In the interim, on April 9, 2015, Plaintiff filed a Supplemental Motion for Preliminary Injunctive Relief/TRO and memorandum in support

(Doc. 43). On April 15, 2015, two days prior to Defendants filing their timely response, Plaintiff filed a Response to Defendants' Response to his Motion for Preliminary Injunction/TRO and a memorandum of law in support (Docs. 45 and 46).

With respect to Plaintiff's "Response to Defendants' Response," which the Court construes as a reply to Defendant's response, the filing of such was improper. First, Defendants did not file their response until April 17, 2015, two days *after* Plaintiff filed his reply. Accordingly, Plaintiff's reply does not address any particular issues or provide any clarification on any matters addressed by Defendants. Moreover, pursuant to Local Rule 15.1(c), "**[r]eply briefs are not favored and should be filed only in exceptional circumstances.** The party filing the reply brief shall state the exceptional circumstances." Here, Plaintiff did not articulate any circumstances that necessitated the filing of a reply brief and the Court does not find that the filing of any reply brief is warranted. Accordingly, Plaintiff's "Response to Defendant's Response to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction" (Doc. 45) and Memorandum in Support (Doc. 46) are hereby **STRIKEN**.

The Court also notes that pursuant to Local Rule 15.1(c), supplemental briefs may only be filed with leave of court if a party believes it is necessary to supplement its brief with new authority due to a change in law or facts that occurred after the filing of its brief. As such, Plaintiff's filing of his Supplemental Motion for Preliminary Injunction/TRO (Doc. 44) is not in compliance with Local Rule. Nonetheless, in the interest of justice, the Court will consider this filing in its review of Plaintiff's Amended Motion for Preliminary Injunction/TRO. Plaintiff is **WARNED**, however, that the Court will not accept any subsequent supplemental briefs that are not in compliance with Local Rule 15.1.

7. **Motion for Entry of Default filed on April 20, 2015 (Docs. 49) and Motion for Default Judgment filed on April 20, 2015 (Doc. 51)**

Plaintiff filed a request for entry of default against Defendants in this action for failure to respond to Plaintiff's motion for preliminary injunction, plead, or otherwise defend this action. As indicated by the Clerk of Court, Defendants' answers or other responsive pleadings are not due until June 5, 2015. Further, Defendants timely responded to Plaintiff's motion for preliminary injunction by April 17, 2015, as ordered by the Court. Accordingly, Plaintiff's Motion for Entry of Default (Doc. 49) is **DENIED**. Plaintiff's Motion for Default Judgment (Doc. 50) is also **DENIED**. Plaintiff incorrectly states that a default has been entered against the Defendants for failure to answer or respond to his motion for preliminary injunction as ordered by the Court. Plaintiff's assertions are patently incorrect. Defendants timely responded to Plaintiff's motion for preliminary injunction, no default has been entered against them, and they have until June 5, 2015 to file an answer or responsive pleading.

**IT IS SO ORDERED.**

**DATED: April 23, 2015**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**