# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LENNIL L. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 15-CV-297–NJR-DGW** |
| | ) | |
| **JOHN LAKIN, GARY BOST, MARK** | ) | |
| **SPURGEON, ROBERT BLANKENSHIP,** | ) | |
| **MATTHEW DOVER, MARK RYAN,** | ) | |
| **TIM WALKER, and JODY COLLMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 65), recommending that the undersigned dismiss this case without prejudice. The Report and Recommendation was entered on June 12, 2015. On June 23, 2015, Plaintiff filed a document entitled "Plaintiffs Objections to Report and Recommendation" (Doc. 66).

Plaintiff Lennil Johnson filed this *pro se* civil action alleging that Defendants failed to provide him with proper medical care, retaliated against him for seeking medical care, and failed to provide him with access to courts. On March 23, 2015, the Court conducted a threshold review of Plaintiff's Complaint, and Plaintiff was permitted to proceed with his Fourteenth Amendment claim against Defendants Lakin, Bost, Spurdon,

Blankenship, Dover, Ryan, Walker, and Collman for acting with deliberate indifference to Plaintiff's serious medical needs (Doc. 7).

On June 8, 2015, Plaintiff filed a Notice of Voluntary Dismissal (Doc. 64). In that document, Plaintiff requests that the Court "dismiss this pending civil complaint without prejudice and for the furtherance of justice." (Doc. 64, p. 2). On June 12, 2015, Magistrate Judge Wilkerson issued a Report and Recommendation that the Court should dismiss the case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure because Plaintiff has indicated that his claims will be better litigated in state court (Doc. 65, p. 2). Magistrate Judge Wilkerson also stated that, considering the procedural posture of this case, no special conditions are warranted (*Id.*).

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Plaintiff has filed a document titled "Plaintiffs Objections to Report and Recommendation" (Doc. 66). In that document, however, Plaintiff does not specifically object to Magistrate Judge Wilkerson's recommendation that the case be dismissed. Instead, Plaintiff confirms his desire to "voluntarily dismiss his pending civil complaint without prejudice" as he has "chosen to pursue state remedies." (Doc. 66, p. 9).[1]

Under Federal Rule of Civil Procedure 41(a)(2), the plaintiff may request dismissal of an action, and the court may dismiss an action on terms that it deems proper. FED. R. CIV. P. 41(a)(2). Dismissal under Rule 41(a)(2) is within the sound discretion of the district court. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). "A court abuses its discretion only if the defendant shows it will suffer 'plain legal prejudice.'" *McCumber v. Internet Wine & Spirits Co.*, No. 11-CV-549, 2011 WL 3793645, at *1 (S.D. Ill. Aug. 24, 2011) (citing *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008)).

Here, although Plaintiff has filed a document entitled Objection to the Report and Recommendation, it is clear that Plaintiff still seeks to voluntarily dismiss his case. Specifically, in that document, Plaintiff reiterates his request "that he be allowed to voluntarily dismiss pending civil complaint without prejudice and allow plaintiff to

---

[1]Also in Plaintiff's "Objection," he reiterates his claims against Defendants and responds to Defendants' pending Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (Doc. 63). Plaintiff also appears to be confused regarding his *in forma pauperis* ("IFP") status. On March 23, 2015, the undersigned granted Plaintiff leave to proceed IFP (Doc. 7). Plaintiff was then assessed an initial partial filing fee of $14.00 on March 25, 2015 (Doc. 16). On April 23, 2015, Magistrate Judge Wilkerson denied Plaintiff's subsequent request for IFP status, noting that the undersigned had already granted IFP and assessed an initial partial filing fee, which-at that point-had yet to be paid (Doc. 53, p. 3-4). The undersigned further explained that Plaintiff shall then make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $350.00 filing fee is paid in full (*See* Doc. 16). (The initial partial filing fee was subsequently paid on April 24, 2015).

refile if necessary." (Doc. 66, p. 9). Plaintiff further states that "at this time plaintiff has chosen to pursue state remedies for the furtherance of justice" (*Id*.). Magistrate Judge Wilkerson found that a dismissal without prejudice is appropriate. While the undersigned is aware that a "Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment" (Doc. 63) filed by Defendants is currently pending, Defendants have not objected to Magistrate Judge Wilkerson's recommendation that the undersigned dismiss this case without prejudice. Because Defendants have not responded to Plaintiff's motion or otherwise objected to Magistrate Wilkerson's Report and Recommendation, the Court finds it appropriate to adopt Magistrate Judge Wilkerson's Report and Recommendation and dismiss this case without prejudice.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 65). The case is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED:   October 1, 2015**

s/ **Nancy J. Rosenstengel**_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**